IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JAMIE TACKETT**                                                                **PLAINTIFF**

v.                                     No. 3:11-cv-10-DPM

**MICHAEL ASTRUE,**
**Commissioner of Social Security**                                **DEFENDANT**

# ORDER

Jamie Tackett has back problems—degenerative disc disease and curvature of the lumbar spine. She says that she is plagued by lower back pain and shooting leg pains that sometimes cause her to fall. Doctors have prescribed darvocet, hydrocodone, and methadone. *Tr. at 150.* The ALJ concluded that Tackett can perform the full range of sedentary work. Does substantial evidence support that finding?

Tackett alleges that the ALJ (1) overlooked Tackett's lack of funds when it concluded that her course of treatment suggested less serious pain than she described; (2) failed to evaluate Tackett's diminished ability to stand and walk; and (3) neglected to have the vocational expert address Tackett's impairments.

The first issue touches credibility. The ALJ noted that Tackett sought medical treatment only six times in three years for her pain. *Tr. at 14.* "The lack of continual and longitudinal treatment for the back impairment indicates that [Tackett] does not have limitations to the degree that she asserts she is precluded from all work-related activities." *Ibid.* At the hearing, Tackett said that a doctor had recommended surgery she could not afford, and that she would have the surgery if she could afford it. *Tr. at 29–30.* And Tackett contends on appeal that poverty, not malingering, explains her spotty treatment record. *Document No. 10, at 14.*

True, by 2008 Tackett had lost Medicaid coverage. *Tr. at 198.* At the time of the ALJ's hearing Tackett relied on child support, HUD, and food stamps to get by. *Tr. at 23.* And the record is regrettably silent about how often Tackett refilled pain prescriptions between doctors' visits. But Tackett's lack of comprehensive medical treatment was not the only basis for the ALJ's conclusion. As the ALJ noted, she can "prepare simple meals, fold clothes, and provide care of a very young son." *Tr. at 15.* She sometimes drives. In 2007 Tackett told a doctor she'd had back pain for only one year, *Tr. at 170*, but she sought benefits from 2002 forward. And her 2007 MRI revealed only

"mild to moderate spine changes." *Tr. at 176*. In sum, substantial evidence supports the ALJ's conclusion that Tackett's alleged limitations were not fully credible. *See generally Steed v. Astrue*, 524 F.3d 872 (8th Cir. 2008).

Tackett next contends that the ALJ inadequately accounted for Tackett's problems walking and standing when he concluded she could do sedentary work. Nonbinding Social Security Administration policy holds that sedentary work involves about six hours a day of sitting. PROGRAM OPERATIONS MANUAL SYSTEMS § DI 25001.001(B)(69), https://secure.ssa.gov/poms.nsf/lnx/0425001001 (last visited 23 March 2012). It requires occasionally lifting no more than 10 pounds. 20 C.F.R. § 404.1567(a). Tackett testified that 15 or 20 pounds was the most she could pick up with any regularity. *Tr. at 27*. Tackett's household activities require some walking and standing. And a medical expert concluded that Tackett could stand or walk for about six hours with normal breaks. *Tr. at 180*. This is substantial evidence supporting the ALJ's conclusion that Tackett can perform the full range of sedentary work.

Tackett asserts as a third basis for remand that the ALJ should have obtained the vocational expert's views about her degenerative disc disease and levoscoliosis. *Document No. 10, at 2*. But for the reasons already stated,

the ALJ's reliance on the Medical-Vocational Guidelines was appropriate and expert testimony unnecessary. *Thompson v. Bowen*, 850 F.2d 346, 349–50 (8th Cir. 1988).

The Court might have reached a different conclusion in this case if its job was to find the facts and apply the law to them. But "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quotation omitted). On review for legal error and substantial evidence supporting the ALJ's conclusions, the Court affirms the denial of benefits.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

23 March 2012